**ORIGINAL**

F I L E D
Clerk
District Court

APR −9 2008

For The Northern Mariana Islands
By_____
            (Deputy Clerk)

LEONARDO M. RAPADAS
United States Attorney
ERIC S. O'MALLEY
Assistant United States Attorney
DISTRICT OF THE NORTHERN
MARIANA ISLANDS
Horiguchi Building, Third Floor
P. O. Box 500377
Saipan, MP 96950-0377
Telephone:     (670) 236-2980
Fax:              (670) 236-2985

Attorneys for United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

UNITED STATES OF AMERICA,       )       CRIMINAL CASE NO. **08 - 00012**
                                )
              Plaintiff,        )
                                )       PLEA AGREEMENT
       vs.                      )
                                )
ROBIN NORITA SABLAN,            )
                                )
              Defendant.        )
_____)

    Pursuant to Rule 11(c)(1)(B), the United States and ROBIN NORITA SABLAN, enter into the following Plea Agreement:

    1.      On the understandings specified below, the Office of the United States Attorney for the District of the Northern Mariana Islands ("this Office") will accept a guilty plea from ROBIN NORITA SABLAN (the "defendant") to Count One of the Information. Count One charges the defendant with extortion under color of official right, in violation of Title 18, United States Code, Section 1951, and carries a maximum sentence of 20 years' imprisonment, a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, a $100 special assessment, and supervised release for a period of three years.

2.      It is further understood that the defendant shall make restitution to each and every person from whom he extorted money in return for a promise of official action, including but not limited to those persons identified in his statement dated June 12, 2006.  These amounts shall be specified by the Court at sentencing in accordance with Title 18, United States Code, Sections 3663 and 3664.  These amounts shall be paid according to a plan established by the Court.

3.      In consideration of his plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for his participation in an extortion scheme while a C.N.M.I. Probation Officer to the extent he has disclosed such conduct prior to signing this Agreement.

4.      If the government, in its sole discretion, determines that defendant has provided substantial assistance in the investigation or prosecution of another person, the government will file a motion under § 5K1.1 of the guidelines asking the Court to impose a sentence below the guideline range.  Defendant understands that the substantial assistance determination is solely up to the Office of the United States Attorney.  Defendant also understands that the Court alone makes all sentencing decisions, including the sentence to be imposed.  The government makes no promise or representation about what sentence it will recommend if it makes such a determination or what sentence the Court will impose.

5.      In consideration of the foregoing and pursuant to the Sentencing Guidelines § 6B1.4, the parties hereby stipulate to the following:

Guidelines Offense Level

a.      The applicable Base Offense Level is determined under U.S.S.G. § 2C1.1(a).

b.      Two levels are properly added pursuant to U.S.S.G. § 2C1.1(b)(1) because the offense involved more than one extortion.

c.      Two levels are properly added pursuant to U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(b)(1)(B)  because the offense involved more than $5,000 in payments but less than $10,000.

d.      If the defendant allocutes to the crime charged in Count One of the Information to the satisfaction of the Court, and clearly demonstrates acceptance of responsibility, a two-level reduction in the offense level for acceptance of responsibility is warranted under U.S.S.G. § 3E1.1(a).

-2-

e.     Provided the defendant is otherwise eligible, should his plea of guilty to Count One of the Information be entered on or before April 9, 2008, the government will move for an additional one level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

Criminal History Category

f.     There is no stipulation as to Criminal History category.

Facts

g.     Beginning on or about September 18, 2004 and continuing to on or about March 20, 2006, in the District of the Northern Mariana Islands, the defendant, unlawfully, knowingly and willfully, committed extortion, by obtaining property from others, with their consent, while acting under color of official right. Specifically, the defendant used his position as a C.N.M.I. Probation Officer to deceive, demand and receive money from defendants under his supervision in return for promises of favorable official actions with respect to said defendants' terms of probation.

5.     The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this Plea Agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a.     the nature and elements of the charges and the maximum possible penalty provided by law;

b.     his right to be represented by an attorney;

c.     his right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d.     that if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this Plea Agreement, he waives, that is, gives up, the right to a trial; and

e.     that, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has plead, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue.

6.      Being fully advised of his right as set forth in the preceding paragraph, the defendant represents that:

a.      the plea is voluntary and not a result of any force, threats or promises apart from this plea agreement;

b.      he reads, speaks, writes and understands English and has read and understood this Plea Agreement or has had a qualified interpreter read the Plea Agreement to him in a language that he understands, and that he fully understood such translation; and

c.      he is satisfied with the representation provided to him by his counsel.

7.      The defendant is advised and understands that to establish a violation of Title 18, United States Code, Section 1951, extortion under color of official right, as charged in Count One of the Information, the government must prove each of the following elements beyond a reasonable doubt:

a.      First, the defendant was a public official who was acting under official right;

b.      Second, the defendant obtained money to which he knew he was not entitled;

c.      Third, the defendant knew that the money was given in return for performing some official action; and

d.      Fourth, the defendant's conduct affected commerce within the Commonwealth of the Northern Mariana Islands in some way.

8.      Nothing in this Plea Agreement limits the right of the parties: (i) to present to the Probation Department or to the Court any facts relevant to sentencing; (ii) to make any arguments regarding sentencing; or (iii) to seek an appropriately adjusted sentencing range if it is determined based upon new information that the defendant's criminal history category is other than Category I.  Nothing in this Agreement limits the right of the government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either: (i) engaged in conduct, unknown to the government at the time of the signing of this Agreement, that constitutes obstruction of justice;  (ii) committed another crime after signing this Agreement; or (iii) failed to fully disclose the extent of his illegal conduct while a Probation Officer.

-4-

9.     It is understood that pursuant to Sentencing Guidelines § 6B1.4(d), neither the Probation Department nor the Court is bound by the above Guidelines stipulations, either as to the questions of fact or as to the determination of the proper Guidelines to apply to the facts.  In the event that the Probation Department or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

10.     It is understood that the sentence to be imposed upon the defendant is determined solely by the Court.  This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive.  Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the range as determined by the above Guidelines stipulations.

11.     It is further agreed: (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the sentencing range as established by the Guidelines stipulations above; and (ii) that the government will not appeal any sentence within or above the sentencing range as established by the Guidelines stipulations above.  This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulations.

12.     In exchange for the government's concessions in this Agreement, the defendant waives any right to appeal this conviction or to collaterally attack this conviction. The defendant hereby acknowledges that he has accepted this plea Agreement and decided to plead guilty because he is in fact guilty.   Furthermore, by entering this Plea Agreement, the defendant waives any and all right to withdraw his plea or attack his conviction, either on appeal or collaterally, on the ground that the government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972) that has not already been produced as of the date of the signing of this Agreement.

-5-

1        13.    The defendant agrees that should the conviction following defendant's plea of guilty

2   pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the

3   applicable statute of limitations on the date of the signing of this Agreement may be commenced or

4   reinstated against defendant, notwithstanding the expiration of the statute of limitations between the

5   signing of this Agreement and the commencement or reinstatement of such prosecution.  It is the intent of

6   this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution

    that is not time-barred on the date that this Agreement is signed.

7        14.    It is further understood that this Plea Agreement does not bind any federal, state, or local

8   prosecuting authority other than this Office.

9        15.    This Plea Agreement supersedes any prior understandings, promises, or conditions

10  between this Office and ROBIN NORITA SABLAN.  No additional understandings, promises, or

11  conditions have been entered into other than those set forth in this Agreement, and non will be entered

12  into unless in writing and signed by all parties.

DATED: _4- 7 - 08_

          ROBIN NORITA SABLAN
          Defendant

DATED: _4/7/08_

          JOEY P. SAN NICHOLAS
          Attorney for Defendant

          LEONARDO M. RAPADAS
          United States Attorney
          District of the Northern Mariana Islands

DATED: _4. 7. 08_

          ERIC S. O'MALLEY
          Assistant United States Attorney

-6-